UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRUCE ALLEN MARCHANT,<br><br>              Plaintiff,<br><br>vs.<br><br>A. DE WAINE SHEDD,<br><br>              Defendant. | Case No. 1:21-cv-00081-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Bruce Allen Marchant was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff cannot proceed on his claims without amendment.

### REVIEW OF COMPLAINT

1. **Factual Allegations**

Plaintiff alleges that A. De Waine Shedd, the prison paralegal at the Idaho State Maximum Security Institution denied him the right to access the courts when the paralegal "shredded or destroyed 6 (six) law suites." Dkt. 3, p. 3. (verbatim). Plaintiff asserts the following damages: "My case was thrown out of court for time limits. I should of had reduction of sentence." *Id*., p. 4. (verbatim). He requests compensatory damages of $10,000,000.00. *Id*.

## 2. Standards of Law

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556. A plaintiff must provide sufficient factual allegations to show that there is "more than a sheer possibility that a defendant has acted unlawfully." *Ibid*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ibid*.

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

facts to support a cognizable legal theory under the *Iqbal*/*Twombly* standard. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

Under the First Amendment, prisoners have a right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412–15 (2002).

To state an access to courts claim when a prisoner claims that he suffered the loss of a suit that cannot now be brought, he must allege facts supporting three elements: (1) official acts that frustrated the inmate's litigation; (2) loss of a "nonfrivolous" or "arguable" underlying claim that is set forth in the Complaint, **including the level of detail necessary**

**"as if it were being independently pursued"**; and (3) specific allegations showing that remedy sought in the access to courts claim is not otherwise available in a suit that otherwise could be brought. *Id*. at 415-17.

3. **Discussion and Conclusion**

Plaintiff may not proceed on his claims because has not provided facts showing that he lost a nonfrivolous or arguable claim related to a direct criminal appeal, habeas petition, or civil rights action. If he desires to amend to attempt to show that he is being denied the ability to pursue legitimate claims in violation of his federal constitutional rights, he may file an amended complaint. It must specifically state in detail the claims in each of the six lawsuits that he intended but could not bring as a result of the prison paralegal's actions, as well as factual allegations that meet the other elements of an access to courts claim as specified in the standard of law set forth above. He must specifically provide facts showing that the paralegal's actions *caused* his Rule 35 motion for reduction of sentence to be dismissed on statute of limitations grounds, and that loss of the six lawsuits *caused* him specific damage or loss. In addition, he must specify the dates when each action occurred. It also would be helpful if Plaintiff attached as exhibits the state court orders and other documents showing that his Rule 35 motion was dismissed for reasons attributable to the paralegal's failure to file the six lawsuits.

**ORDER**

**IT IS ORDERED** that, because Plaintiff's Complaint fails to state a claim upon which relief can be granted, if he desires to proceed, he must submit an amended complaint, consistent with the guidelines set forth above, within **30 days** after entry of this Order.

Failure to do so will result in dismissal of this action for failure to state a claim upon which relief can be granted, without further notice to Plaintiff.

DATED: June 21, 2021

_____
David C. Nye
Chief U.S. District Court Judge